UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jay Dybdahl,

                        Plaintiff,

                                              Civ. No. 09-331 (RHK/SRN)
                                              **ORDER**

v.

MidWave Corporation and
Jeff Soderholm,

                        Defendants.

---

James H. Kaster, Megan I. Brennan, Nichols Kaster, PLLP, Minneapolis, Minnesota, for Plaintiff.

Peter G. Van Bergen, Robyn K. Johnson, Cousineau McGuire Chartered, Minneapolis, Minnesota, for Defendants.

---

      In this action, Plaintiff Jay Dybdahl alleges that his former employer, Defendant MidWave Corporation ("MidWave"), terminated his employment in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and the Minnesota Human Rights Act ("MHRA"), Minnesota Statutes § 363A.01 *et seq.* The gravamen of Dybdahl's claims is that MidWave fired him due to his son's medical issues, which were increasing the company's insurance costs since Dybdahl and his son were covered under the company's health insurance plan. Dybdahl also alleges that MidWave fired him on account of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C.

§ 621 *et seq.*, and the MHRA.  Finally, Dybdahl also alleges that his former supervisor, Defendant Jeff Soderholm, tortiously interfered with his employment relationship with MidWave, which contributed to the termination of his employment.

MidWave and Soderholm have now moved for summary judgment.  Summary judgment is proper if there is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Defendants bear the burden of showing that the material facts in the case are undisputed.  Id. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000).  The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to Dybdahl.  Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997).  As the party opposing summary judgment, Dybdahl may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

The record in this case has been extensively developed, and the parties have submitted a plethora of evidentiary material in connection with the instant Motion. Having carefully reviewed that material and being otherwise sufficiently advised, the Court will deny the Motion.  The Court concludes that Dybdahl has shown there exists a genuine issue whether MidWave's proffered reason for his termination was pretextual.

Similarly, the Court finds that there exists a genuine issue whether Soderholm tortiously interfered with Dybdahl's employment relationship in the hopes that he would be terminated (which, of course, he was). Simply put, there are genuine issues of material fact. Summary judgment, therefore, is inappropriate. Fed. R. Civ. P. 56(c)(2).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 20) is **DENIED**.[1] The hearing on Defendants' Motion, currently scheduled for March 15, 2010, is **CANCELED**.

Given the numerous factual disputes appearing in the record and the significant number of witnesses involved – the parties submitted deposition transcripts from fifteen witnesses in connection with the instant Motion – a trial in this matter is likely to be both lengthy and expensive. Accordingly, the Court strongly urges the parties to resolve this case at the final settlement conference before Magistrate Judge Nelson (if not sooner).

Dated: March 4, 2010     s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[1] In denying Defendants' Motion, the Court in no way expresses an opinion on Dybdahl's likelihood of success at trial or his ability to survive a motion for judgment as a matter of law after the presentation of his case.